# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GREGORY MCDANIEL,

          Petitioner,

v.

THE UNITED STATES OF AMERICA,

          Respondent.

_____/

**CIVIL NO. 05-71395**
**CRIMINAL NO. 04-CR-80001**

**HON. BERNARD A. FRIEDMAN**
**District Judge**

**HON. R. STEVEN WHALEN**
**Magistrate Judge**

## REPORT AND RECOMMENDATION

Petitioner Gregory McDaniel, an inmate at the Federal Medical Center in Lexington, Kentucky, has filed a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255, alleging that his sentence violated his Sixth Amendment rights. The petition has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that the petition be DENIED.

### I.    BACKGROUND FACTS

On June 9, 2004, Petitioner pled guilty to charges of possession of more than five grams of cocaine base with intent to distribute in violation of 21 U.S.C. §841(a)(1), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c), and possession of firearm as a felon in violation of 18 U.S.C. §922(g)(1).

Petitioner's pre-sentence report calculated his offense level pursuant to USSG § 2D1.1(c)(6) at level 28. Pursuant to USSG §§ 3E1.1(a) and (b), Petitioner received a 3-level reduction for acceptance of responsibility, which along with his criminal history placed him in a category of II, indicating a guideline range of 123-138 months. At Petitioner's sentencing, held on September 27, 2004, the government moved to reduce Petitioner's sentence pursuant to USSG §5K1.1. The Court sentenced Petitioner to 60 months. Petitioner, agreeing to waive his appeal rights under the terms of his plea agreement, filed no direct appeal. *Rule 11 Plea Agreement* at 11.

Petitioner filed the present §2255 motion on April 18, 2005, alleging that pursuant to the Supreme Court's decision in *United States v. Booker*, __U.S. __, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005), his sentence violated his constitutional right to a jury. *Motion to Vacate* at 3. Further, he alleges that his counsel at sentencing was ineffective by failing to advise him of his right to a jury at his sentencing. *Id.*

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the United States Constitution. "[A] defendant must show a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. U.S.* 157 F.3d 427, 430 6th Cir. 1998) (internal quotation omitted); *Gall v. United States,* 21 F.3d 107, 109 (6th Cir.1994). To prevail under § 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude

which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir.2003); *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

In *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001), the court held that although "[s]entencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion," they are subject to collateral review when made "as part of a successful claim that counsel provided ineffective assistance" under the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

### III.  ANALYSIS

#### A.  Booker

Plaintiff alleges that he is entitled to relief pursuant to *United States v. Booker*, _ U.S._, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005).  He submits that the district court judge determined his sentence based on facts not "subjected to a reasonable doubt standard of proof in the sentencing phase of his case." *Motion to Vacate* at 5.

In *Booker*, the Supreme Court, applying its earlier reasoning in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), to the Federal Sentencing Guidelines, held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker,* 125 S.Ct. at 756.

Petitioner's claim for relief under *Booker* fails substantively as well as on procedural

grounds.  First, *Booker,* citing *Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), applied its holding to all cases on direct review.  *Booker,* 125 S.Ct. at 769.  Subsequently, the Sixth Circuit held that *Booker* may not be retroactively invoked in collateral proceedings.  *Humphress v. U.S.,* 398 F.3d 855, 860 (6th Cir. 2005).  Hence, Petitioner may not invoke *Booker* in his §2255 motion.[1]

In addition, Petitioner's argument that he was entitled to a "sentencing jury" to determine all the essential elements of the information considered by the judge at his sentencing reflects a misreading of both *Booker* and its progenitor, *Apprendi v. New Jersey,* 530 U.S. 466,  120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).  Contrary to Petitioner's interpretation, his guilty plea circumvented the need to establish the elements of the offenses beyond a reasonable doubt.  *Booker,* 125 S.Ct. at 756,  reaffirming  *Apprendi*, found that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts *established by a plea of guilty* or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." (emphasis added). *See also U.S. v. Bradley,*  400 F.3d 459, 462 (6th Cir. 2005) ("[T]he statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or *admitted by the defendant* "); *Blakely,* 124 S.Ct. at 2537.  Petitioner's  plea agreement comports with the requirements of  *Apprendi.*

---

[1]In *Booker*, the Court salvaged the federal sentencing guidelines by making them advisory rather than mandatory.  In Petitioner's case, this Court did not even impose a guidelines sentence, instead departing well below the minimum range pursuant to a 5K1.1 recommendation.

The transcript of Petitioner's Rule 11 Plea Agreement, held on June 9, 2004 indicates that Petitioner waived his right to a jury trial, pleading guilty to Counts 1-3 of the information filed in his case. *Transcript,* at 3, 9-11.[2]

For similar reasons, Petitioner's argument that he was improperly sentenced based on a total offense level of 25 rather than a level of 12 also fails. He bases this argument on the faulty premise that he was charged with a non quantity-based offense. *Motion to Vacate* at 4. As noted, *supra*, Petitioner was charged with possession of 31.0 grams of Cocaine "with intent to distribute," and subsequently pled to possession of more than twenty grams with intent to distribute. *Complaint* at ¶ 1; *Rule 11 Plea Agreement* at 2.

### B. Ineffective Assistance of Counsel

Petitioner, in part restating the above allegations that he was improperly sentenced, alleges that his Sixth Amendment right to counsel was denied. *Motion to Vacate* at 3. He argues that his lawyer neglected to demand a "sentencing jury," to establish beyond a

---

[2]The *Rule 11 Plea Agreement*, signed by Petitioner on June 9, 2004 shows that he pled to the following charges;
    1. **Count One**, Defendant knowingly, intentionally, and unlawfully possessed a mixture or substance containing more than 20 grams of cocaine base ("crack cocaine"), and the Defendant intended to distribute that mixture or substance;
    2. **Count Two**, Defendant knowingly, intentionally, and unlawfully possessed a firearm in furtherance of the crime of possession of cocaine base ("crack cocaine") with intent to distribute, as alleged in Count One of the Information; and
    **3. Count Three**, (1) Defendant knowingly possessed a firearm; (2) Defendant was previously convicted of a crime punishable by imprisonment for more than one year (felony offense); and (3) the firearm had previously traveled in interstate commerce. *Id.* at 2.

reasonable doubt all of the information used by the district court judge in determining his sentence. *Id.* at 5. He also argues that his lawyer's allegedly deficient performance violated his due process right to have "each and every essential element" of the offenses to which he pled proven beyond a reasonable doubt. *Id.* at 5, 10.[3]

The Sixth Amendment guarantees the accused in a criminal prosecution the right to the effective assistance of counsel. *Strickland* v. *Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* sets forth a two-part test for assessing claims of ineffective assistance. First, did the attorney make errors "so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment." *Id*., 466 U.S. at 687. To establish deficient performance under this prong of *Strickland*, the defendant must show that his attorney's representation "fell below an objective standard of reasonableness." *Id.*, at 688. The second prong of *Strickland* examines whether the defendant was prejudiced by counsel's deficient performance. To meet the prejudice standard, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability

---

[3]On page 5 of *Motion to Vacate*, Petitioner alleges that each element of the offenses to which he pled should have been proven beyond a reasonable doubt. On page 10, he appears to state additionally that his lawyer failed to inform him that as an alternative to his plea, he was entitled to a jury trial in which each element of each charged offense was required to be proven beyond a reasonable doubt. He alleges that his attorney's failure to do so deprived him of the opportunity of making a "knowing and intelligent waiver" of such rights. *Id.* As discussed, *supra*, contrary to Plaintiff's apparent claim that he was not informed of his right to a jury trial, he stated on the record at the June 9th, 2004 plea agreement hearing that he was knowingly waiving his rights to a jury trial. *Rule 11 Plea Agreement Transcript* of June 9, 2004 at 9-11.

sufficient to undermine confidence in the outcome." *Id*. at 694.

The *Strickland* Court emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential," and that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight..." 466 U.S. at 689. This objective review "includes a context-dependent consideration of the challenged conduct as seen 'from counsel's perspective at the time.'" *Wiggins v. Smith*, 539 U.S. 510, 523; 123 S.Ct. 2527, 2536, 156 L.Ed.2d 471 (2003), quoting *Strickland*, 466 U.S. at 689.

Where ineffective assistance is alleged in the context of a guilty or nolo contendere plea, it must be shown that counsel's performance was deficient and that the deficient performance caused the defendant to reach a different decision regarding the plea. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). To satisfy the "prejudice" prong of *Strickland*, the defendant must show that, but for counsel's errors, he or she would not have pleaded guilty or nolo contendere, but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. at 58-59; *Warner v. United States*, 975 F.2d 1207, 1214 (6th Cir. 1992)(prejudice shown if defendant shows a reasonable probability that but for counsel's defective advice, he would not have pleaded guilty); *Haynes v. Burke, supra*, 115 F.Supp.2d 813, 817-818 (ED Mich. 2000).  Further, in *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the Supreme Court held that  "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."

Pursuant to *Strickland*, Petitioner has not only failed to show that he was prejudiced

by his attorney's performance, but, more fundamentally, is unable to demonstrate that counsel's performance was in any way deficient, much less below an objective standard of reasonableness. As discussed in section **A**., Petitioner's assertion that he was entitled to a "sentencing jury," even though he pled guilty in exchange for a reduced sentence pursuant to a 5K1 recommendation, represents a gross misstatement of the requirements of *Apprendi.* Further, Petitioner's statement that his lawyer did not advise him of a non-existent right to a sentencing jury as part of his plea deal does not implicate Sixth Amendment violations. Petitioner's reliance on *Shepard v. U.S.* — U.S. — 125 S.Ct. 1254 (2005) is similarly misplaced. While the *Shepard* Court reiterated its *Apprendi* holding that disputed facts essential to a sentence enhancement must be established by jury determination, it did not extend this rule to defendants (such as Petitioner) who waive this right in the course of a plea bargain. *Id*. at 1262.

    Likewise, the government was not required to prove charges that Petitioner admitted to as part of his plea agreement. Such a requirement would defeat one of the main purposes of crafting plea agreements. *See Bradley, supra,* 400 F.3d at 464 -465; *Young v. United States,* 124 F.3d 794, 798 (7th Cir.1997) ("If the law allowed the defendant to get off scot free in the event the argument later is shown to be a winner, then the defendant could not get the reduction in the first place." (internal citations omitted)).

    Finally, Petitioner's belief that the quantity of cocaine in his possession was miscalculated due to the fact that it had been "cut" with a non-illicit substance is without merit. In *Chapman* v. *U.S.,* 500 U.S. 453, 460, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991), the

-8-

Court noted that "Congress clearly intended the dilutant, cutting agent, or carrier medium to be included in the weight of those drugs for sentencing purposes. Inactive ingredients are combined with pure heroin or cocaine, and the mixture is then sold to consumers as a heavily diluted form of the drug."

In closing, I note that although Petitioner alleges constitutional violations in his plea agreement, he has not petitioned for a withdrawal of his plea - the conventional remedy for plea agreements invalidated by ineffective assistance of counsel. *See Miller v. Straub,* 299 F.3d 570, 581 (6th Cir. 2002); *Hill v. Lockhart*, 474 U.S. at 56-57, 106 S.Ct. at 369). Instead, he has requested a sentence reduction. Respondent notes that Petitioner's sentence of sixty months represented a 63-month reduction from the low point of the applicable guideline range, opining that "it is difficult to conceive of a more advantageous result given the crimes to which the petitioner pled guilty. His counsel's assistance cannot possibly be deemed to have been substandard." *Government's Response* at 3. I agree. It is clear from this record that counsel's strategy–which proved successful–was to obtain a substantially reduced sentence pursuant to §5K1.1.

## IV. CONCLUSION

For these reasons, I recommend that Petitioner's motion to vacate sentence under 28 U.S.C. §2255 be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of

appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  October 20, 2005

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 20, 2005.

S/Gina Wilson
Judicial Assistant

-10-